UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEATHA BLAKE

    *Plaintiff,*

    v.

CLARITY SERVICES, INC.,

    *Defendant*.

Case No: 8:26-cv-997

## COMPLAINT AND JURY TRIAL DEMAND

Comes Now, Plaintiff, Aleatha Blake ("Ms. Blake"), by and through undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Defendant" or "Clarity"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Defendant is subject to the provisions of the FCRA and to this Court's jurisdiction pursuant to Fla. Stat. § 34.01 and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida, Tampa Division, because Defendant committed and/or caused the acts of which Plaintiff complains of in Hillsborough County.

## PARTIES

5.      Ms. Blake is an adult individual and Florida citizen, residing in Hillsborough County, Florida.

6.      Ms. Blake is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.      Clarity is a Delaware corporation, with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8.      Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

9.      Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Disclosure Regarding Ms. Blake

10.     Clarity began maintaining a credit file on Ms. Blake around April 2021.

11.     Clarity, a CRA that predominantly serves the needs of online lenders making short-term loans, programs its systems to acquire and report as much information as possible, with little regard to the information's quality or accuracy.

12.     Clarity's credit file on Ms. Blake is littered with inaccuracies, including inaccuracies concerning Ms. Blake's personal information, housing information, and income information.

**Incorrect Personal Information**

13.     For example, on October 23, 2025, Clarity incorporated the name "ALEATHA BLAKE JR" into its file on Ms. Blake, as seen below:

| Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ALEATHA BLAKE | 4/9/2021 11:48:10 am EDT v75mn7083f | 1/19/2026 2:34:42 pm EST n3z6w61sdh | 61 |
| ALEATHA BLAKE JR | 10/23/2025 8:58:40 am EDT ydqggd43fb | 10/23/2025 8:58:40 am EDT ydqggd43fb | 1 |
| ALEATHA M BLAKE | 10/4/2024 7:02:51 pm EDT dx9ytscpd3 | 9/11/2025 4:17:40 pm EDT k2q56bzn0p | 8 |
| ALETHA BLAKE | 5/21/2021 9:59:29 am EDT bzd7wvthbp | 5/21/2021 9:59:29 am EDT bzd7wvthbp | 1 |

14.     Ms. Blake's name does not contain the suffix "JR," nor has she used this name as an alias.

15.     Clarity received information about Ms. Blake's name from furnishers on at least 70 other occurrences, none of which contained the suffix.

16.     It is also extremely uncommon for a woman to use the generational suffix "JR."

17.     Clarity likewise should have known that "Aletha Blake," reported to it a single time, was clearly a typo and not her actual name.

**Incorrect Housing Information**

18.    On September 11, 2025, Clarity incorporated incorrect housing information into Ms. Blake's credit file. The report provided, in relevant part, that Ms. Blake resided at " . . . Carrington Sky Dr. . . . Carrington Sky Dr," as seen below:

| Home Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 6618 CARRINGTON SKY DR APOLLO BEACH FL 33572 | 4/9/2021 11:48:10 am EDT v75mn7083f | 1/19/2026 2:34:42 pm EST n3z6w61sdh | 69 |
| 6618 CARRINGTON SKY DR 6618 CARRINGTON SKY DR APOLLO BEACH FL 33572 | 9/11/2025 3:01:34 pm EDT dtf0j3g5ph | 9/11/2025 4:17:40 pm EDT k2q56bzn0p | 2 |

19.    An address containing the street name and number twice is clearly erroneous.

20.    Beyond this, Clarity received information on Ms. Blake's address 71 times, and only two such instances contained the inaccurate, duplicated street name.

21.    Clarity also tracks how long a consumer has been at an address.

22.    On September 11, 2025, Clarity began reporting that Ms. Blake resided at her home address for "240 Months." However, this September 11th report contradicted each and every prior report contained in Ms. Blake's credit file under the "Months at Address" header.

**Incorrect Income Information**

23.    Clarity also incorporated contradictory income reports into Ms. Blake's credit file.

24.    For example, Clarity incorporated two monthly income reports from September 11, 2025: the first report indicates that Ms. Blake earned $0.00/month,

whereas the second report – made less than two minutes later – indicates that Ms. Blake earned $8,500/month.

25.     This information is false, as Ms. Blake was not earning $0.00/month on September 11, 2025.

26.     The information likewise creates the false and negative impression that Ms. Blake was unemployed at this time, which she was not.

27.     Clarity also incorporated income reports which grossly understated Ms. Blake's income, such as a July 17, 2024 report indicating it was $2,800 per month, as well as reporting which grossly overstated it, such as an April 2, 2024 report claiming it was $10,833 per month.

28.     Clarity's failure to flag these likely erroneous income reports as false or problematic suggests systemic failures in Clarity's data logic analysis.

29.     Clarity continues to include the aforementioned inaccuracies in Ms. Blake's credit reports.

30.     Ms. Blake hereby demands that Clarity, upon service of this lawsuit, provide the source of the aforementioned inaccurate data, investigate these inaccuracies, delete or modify the erroneous information, inform her of the investigation's outcome, and provide her with a written description as to how Clarity conducted its investigation.

## **Incorrect Driver's Licenses**

31.     Clarity also maintains records of a consumer's driver's license number.

32.    Clarity's file on Ms. Blake included the following license numbers:

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXXX8300 FL | 5/18/2021  4:24:28 pm EDT qhb4yw33zx | 9/11/2025  4:17:40 pm EDT k2q56bzn0p | 31 |
| XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXY7I4 FL | 9/11/2025  3:02:46 pm EDT nbct6ymb8c | 9/11/2025  3:02:47 pm EDT tk2t33yt51 | 2 |
| XXXXXXXX4830 FL | 7/8/2024 10:46:08 am EDT 6cwp19v10p | 7/8/2024 10:46:10 am EDT apvrtm5p8t | 2 |

33.    Florida driver's licenses contain 13 digits, a letter followed by 12 numbers.

34.    Despite this, Clarity reported a license number with well more than double the number of digits.

35.    Once again, the clearly erroneous data was only reported to Clarity twice out of 35 reports.

**The Negative Impact of Clarity's Errant Credit Reporting**

36.    Clarity's automated system calculates a consumer's credit score primarily based upon the number of changes to a consumer's address, income, housing, and employment.

37.    Wild fluctuations in income – e.g. reporting in Clarity's credit file on Ms. Blake indicating her income ranged from $2,800 per month to $10,833 per month within a 90-day period – is virtually always considered to be a marker of financial instability and viewed as negative by both lenders as well as automated credit score computations.

38.     The majority of lenders to whom Clarity sells reports thoroughly examine a consumer's employment history and income data to verify whether the consumer has a history of reliable employment and income to ensure the consumer can repay any funds the lender advances.

39.     Consequently, Clarity's inclusion of demonstrably false reports concerning Ms. Blake's housing information, and income information had a significant negative impact on her ability to obtain new credit with favorable terms, resulting in credit denials or credit approvals on less-favorable terms.

**Clarity's Lack of Standards Constitute Willful Violations of the FCRA**

40.     As an Experian subsidiary, one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

41.     While Experian enforced "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost any conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

42.     Records from Clarity show it has sold numerous reports regarding Ms. Blake throughout the last few years, including reports sold to Stellantis Financial Services Inc. and Westlake Financial Services on September 11, 2025.

43.     Clarity frequently provides data to its parent company, Experian, who then provides the data to an end user.

44.     On February 10, 2026, and again on March 4, 2026, Clarity sold consumer reports on Ms. Blake to Reprise Financial, in conjunction with Ms. Blake's application for a personal loan.

45.     Each of these reports contained false information about Ms. Blake's personal information, housing information, and income.

46.     The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. See 15 U.S.C. §1681e(b).

47.     The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Ms. Blake.

48.     Clarity was aware that when it sold reports regarding Ms. Blake in the last two years that, even under a best-case scenario, it was selling data and other information it knew it had gathered without regard to accuracy or completeness.

### Clarity Unlawfully Redacts Ms. Blake's Credit Disclosure

49.     When Ms. Blake requested her Clarity consumer credit disclosure on April 1, 2026, Clarity was required to provide the full, unredacted contents of her credit file to her.

50.     Instead, Clarity redacted certain pieces of information, including the aforementioned driver's license numbers in Ms. Blake's credit file.

51. Clarity provided the full, unredacted license numbers in reports sold to third-parties, including reports sold to creditors or potential creditors.

52. Nothing in the FCRA allows Clarity to redact a consumer driver's license number(s). Clarity was required to disclose the full, unredacted contents of Ms. Blake's credit disclosure.

53. Clarity's unwarranted and unlawful redaction of Ms. Blake's driver's license number deprived Ms. Blake the opportunity to ensure its accuracy within her credit file.

54. Clarity also redacted the account numbers of the two credit accounts contained in Ms. Blake's file, although Clarity provides the full account numbers to creditors in reports it sells concerning her.

### Clarity Fails to Meaningfully Disclose Legally Required Information

55. Ms. Blake requested a copy of her consumer credit disclosure from Clarity on April 1, 2026.

56. Upon receipt of her request, Clarity was required to disclose all information in its file on Ms. Blake "clearly and accurately," including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end user. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

57. The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." *See* 15 U.S.C. § 1681g(a)(3)(B)(i).

58.     Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it often provides incomprehensible letter or number combinations as the purported end user of its consumer reports.

59.     For example, Clarity disclosed a September 11, 2025, inquiry in Ms. Blake's credit disclosure as "Experian on behalf of Exeter Finance LLC/WCG"

9/11/2025 3:02:56 pm EDT 961z147bcq          Credit Application          Experian on behalf of Exeter Finance LLC/WCG

60.     While Clarity specifies that Experian is requesting the report on behalf of Exeter Finance LLC, Clarity includes the name of a separate entity, "WCG," without specifying whether "WCG" is making a separate request or if Experian is also requesting the report on behalf of "WCG."

61.     Nevertheless, who (or what) "WCG" might be is not readily identifiable. Instead, Clarity disclosed this entity using an abbreviation or shortened name no reasonable consumer would understand.

62.     Clarity provided no address, phone number, or other information regarding this inquiry.

63.     Multiple consumers have previously sued Clarity for failing to disclose the names of those persons or entities obtaining credit reports as legally required.

64.     Clarity's incomplete disclosure of who accessed Ms. Blake's credit report and why caused Ms. Blake significant frustration, stress, concern, mental anguish, and emotional distress.

65.     As a consequence of Clarity's conduct, Ms. Blake suffered damages, including the sheer waste of time trying to figure out what the information in her Clarity credit file means and how it got there. Ms. Blake suffered lost financial opportunities, loss of credit, lower credit scores, aggravation, and reputational damage.

66.     Ms. Blake has hired the undersigned law firm to represent her in this matter and has assigned the undersigned law firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

67.     Ms. Blake incorporates, by reference, paragraphs 1 – 66.

68.     Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Ms. Blake, as it sold numerous consumer reports containing false reports concerning Ms. Blake's personal information, housing information, and income.

69.     Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with logically impossible, false information.

70.     Clarity's conduct was willful, intentional, and exhibited a reckless disregard for Ms. Blake's rights under the FCRA.

71.     Clarity's conduct justifies an award of punitive damages.

72.     As a consequence of Clarity's conduct, Clarity is liable to Ms. Blake for the greater of Ms. Blake's actual damages or statutory damages of up to $1,000 for

*each occurrence*, punitive damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Ms. Blake's actual damages or statutory damages of **$1,000** *per incident* pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.     Any other relief this Honorable Court deems just and proper given the circumstances.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)

### Pled in the Alternative to Count I

73.     Ms. Blake incorporates, by reference, paragraphs 1 – 66.

74.     Clarity owed Ms. Blake a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding her.

75.     Clarity breached this duty when it sold numerous consumer reports containing inaccurate and false reports concerning Ms. Blake's personal information, housing information, driver's license data, income, and more.

76.     Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a consequence, Ms. Blake is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a.     Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Any other relief this Honorable Court deems just and proper given the circumstances.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)

77.     Ms. Blake incorporates, by reference, paragraphs 1 - 66.

78.     Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, who procured Ms. Blake's consumer report during the one-year period preceding the date upon which she made the request.

79.     Clarity is aware that its consumer disclosures fail to properly identify end-users via multiple consumer lawsuits complaining of the same.

80.     Clarity's conduct was willful, intentional, and exhibited a reckless disregard for its duties to provide clear and accurate disclosures under the FCRA.

81.     Clarity's conduct justifies an award of punitive damages.

82.     As a consequence of Clarity's conduct, Clarity is liable to Ms. Blake for the greater of Ms. Blake's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a.      The greater of Ms. Blake's actual damages or statutory damages of **$1,000** *per incident* pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.      Any other relief that this Honorable Court deems just and proper given the circumstances.

**COUNT IV**
**CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)**
**Pled in the alternative to Count III**

83.     Ms. Blake incorporates, by reference, paragraphs 1 - 66.

84.     Clarity owed Ms. Blake a legal duty to disclose the identity of each user that obtained her consumer report within one year of Ms. Blake's request.

85.     Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, who procured Ms. Blake's consumer report during the one-year period preceding the date upon which she made the request.

86.     Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Ms. Blake is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a.     Ms. Blake's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Any other relief this Honorable Court deems just and proper given the circumstances.

## COUNT V
## CLARITY'S WILLFUL VIOLATION OF 15 U.S.C. § 1681g(a)(1)

87.     Ms. Blake incorporates, by reference, paragraphs 1 - 66.

88.     Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all the information it had in its file by providing Ms. Blake with a redacted version of her consumer disclosure upon her request.

89.     Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

90.     Clarity's conduct was willful, intentional, and exhibited a reckless disregard for its duty under the FCRA to provide clear and accurate disclosures.

91.     Clarity's conduct justifies an award of punitive damages.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Ms. Blake's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Punitive damages;

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    d.    Any other relief this Honorable Court deems just and proper given the circumstances.

## COUNT VI
## CLARITY'S NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)(1)

### Pled in the Alternative to Count V

92.    Ms. Blake incorporates, by reference, paragraphs 1 - 66.

93.    15 U.S.C. § 1681(a)(1) requires a CRA, like Clarity, to clearly and accurately disclose to the consumer all information in the consumer's file upon request.

94.    Clarity owed Ms. Blake a legal duty to ensure that the information compiled and provided in her consumer report was an accurate and *complete* disclosure of information.

95.    Clarity provided only a redacted version of Ms. Blake's consumer credit disclosure, redacting information like her purported license number.

96.     As a consequence of Clarity's conduct, Ms. Blake is entitled to her actual damages, attorney's fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a.      Ms. Blake's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and.

c.      Any other relief this Honorable Court deems just and proper given the circumstances.

## DEMAND FOR JURY TRIAL

Ms. Blake hereby demands a jury trial on all issues so triable.

Respectfully submitted on April 7, 2026, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
3505 E. Frontage Road, Suite 145
Tampa, FL 33607
Tel: (813) 567-1230
BGeiger@seraphlegal.com
Service@seraphlegal.com
*Lead Counsel for Plaintiff*